**United States Bankruptcy Court**
**Southern District of Florida**

Case Number: 20-17132-LMI Adversary Number: 20-01257-LMI
In re:
Name of Debtor(s): Carlos R. Weissenberg
_____________________________________/

Denmark Properties Limited
Plaintiff(s)
v.

Carlos R. Weissenberg
Defendant(s)
_____________________________________/

**MOTION FOR LEAVE TO AMEND DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S 2ND AMENDED COMPLAINT**

Defendant, CARLOS WEISSENBERG ("Mr. Weissenberg" or "Defendant"), by and through its undersigned counsel, pursuant to Federal Rules of Civil Procedure Rule 15, files this Motion for Leave to Amend Defendant's Answer & Affirmative Defenses To Plaintiff's 2nd Amended Complaint, and states as follows:

*Introduction*

**MEMORANDUM OF LAW**

**a. Legal Standard**

Pursuant to Federal Rules of Civil Procedure Rule 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Leave sough should be freely given so long as a party does not cause undue delay, bad faith, have a dilatory motive, or abuse the privilege of amending. *Forman v. Davis*, 371 U.S. 178, 182 (Fla. 1962); *See also* Douberley v. Burger King Corp., No. 8:06-cv-1844-T-17 EAJ, 2007 U.S. Dist. LEXIS 29302, at *3 (M.D. Fla. Apr. 20, 2007) (Federal Rule of Civil Procedure 15 has a "low threshold); Unum Life Ins. Co. of Am. v. Flannery (In re Flannery),



Nos. 04-02865-B7, 05-90265-B7, 2006 Bankr. LEXIS 4736, at *27 (Bankr. S.D. Cal. Sep. 13, 2006) (holding "when justice requires" has such a low threshold" "that in the absence of undue prejudice, undue delay, or affirmative bad faith, leave must be freely given.")

**b. Defendant's Motion for Leave to Amend should be granted because the Plaintiff will not be prejudiced and justice so requires.**

Defendant's Motion to Amend should be granted because justice so requires the amendment to allow the Defendant to properly plead its Answer and Affirmative Defenses. Defendant has recently obtained new counsel and upon counsel's review of the file determined that it can allege additional Affirmative Defenses to ensure the Defendant is adequately protected in the action. The amendment will not delay the case or prejudice the Plaintiff as the instant action has not yet been set for trial. Furthermore, Defendant, not Plaintiff, will suffer prejudice if Defendants Motion for Leave is denied. Defendant would be denied the ability to fully set forth its affirmative defenses and supporting facts to those defenses. This Court should grant Defendant's Motion to Amend in the interest of judicial economy, justice so requires, and because amendments should be liberally granted.

**WHEREFORE,** Defendant, CARLOS WEISSENBERG, respectfully requests this Court to enter an order (1) granting Defendant's Motion for Leave to Amend; (2) deem **Exhibit A**, Plaintiff's Proposed Amended Answer & Affirmative Defenses To Plaintiff's 2nd Amended Complaint.

DATED: March 2nd, 2021

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am qualified to practice in this Court as set forth in Local Rule 2091-1(A), and a true and correct copy of the foregoing was served via the Court's CM/ECF system upon all parties registered to receive electronic notice in this case as reflected on the attached Electronic Mail Notice List on this 2nd day of March 2021.

*/s/ Giacomo Bossa*
GIACOMO BOSSA, Esq.
Florida Bar No.: 97817

**BARAKAT + BOSSA**
2701 Ponce de Leon Blvd., Suite 202
Coral Gables, Florida 33134
Tel: (305) 444-3114
Fax: (305) 444-3115
Email: gbossa@b2b.legal
service@b2b.legal



EXHIBIT A

**United States Bankruptcy Court**
**Southern District of Florida**

Case Number: 20-17132-LMI
In re:
Name of Debtor(s): Carlos R. Weissenberg
______________________________________/

Adversary Number: 20-01257-LMI

Denmark Properties Limited
Plaintiff(s)
v.

Carlos R. Weissenberg
Defendant(s)
______________________________________/

**DEFENDANT'S AMENDED ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S 2ND AMENDED COMPLAINT**

Defendant, CARLOS WEISSENBERG ("Mr. Weissenberg" or "Defendant"), by and through its undersigned counsel, files this Amended Answer & Affirmative Defenses To Plaintiff, DENMARK PROPERTIES LIMITED's ("Denmark"), 2nd Amended Complaint, and states as follows:

**ANSWER**

**PRELIMINARY STATEMENT**

1. Admitted for jurisdictional purposes only.

**PARTIES**

2. Without sufficient knowledge, therefore denied.

3. Defendant admits he is a resident of Miami-Dade County, Florida, otherwise denied.

4. Admitted for jurisdictional purposes only.

5. Admitted for jurisdictional purposes only.

## FACTS

### *Plaintiff Becomes Client of Weissenberg*

6. Without sufficient knowledge, therefore denied.

7. Denied.

8. Denied.

9. Without sufficient knowledge, therefore denied.

10. Denied.

11. Denied.

12. Denied.

### *Leveraged and Inverse ETFs*

13. Without sufficient knowledge, therefore denied.

14. Without sufficient knowledge, therefore denied.

15. Without sufficient knowledge, therefore denied.

16. Without sufficient knowledge, therefore denied.

17. Without sufficient knowledge, therefore denied.

18. Without sufficient knowledge, therefore denied.

### *FINRA'S Warnings to Industry Professionals About Leveraged and Inverse ETFs*

19. Without sufficient knowledge, therefore denied.

20. Without sufficient knowledge, therefore denied.

21. Without sufficient knowledge, therefore denied.

22. Without sufficient knowledge, therefore denied.

23. Without sufficient knowledge, therefore denied.

24. Without sufficient knowledge, therefore denied.



25. Without sufficient knowledge, therefore denied.

26. Without sufficient knowledge, therefore denied.

27. Without sufficient knowledge, therefore denied.

28. Without sufficient knowledge, therefore denied.

29. Without sufficient knowledge, therefore denied.

30. Without sufficient knowledge, therefore denied.

31. Without sufficient knowledge, therefore denied.

a. Denied.

b. Denied.

c. Denied.

d. Denied.

e. Denied.

***Weissenberg's Investments***

32. Denied.

a. Denied.

b. Denied.

c. Denied.

d. Denied.

e. Denied.

f. Denied.

33. Denied.

a. Denied.

b. Denied.

c. Denied.

d. Denied.

34. Without sufficient knowledge, therefore denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Without sufficient knowledge, therefore denied.

40. Denied.

**Count I – Violation of Section 10(b)(5) of the Securities Exchange Act of 1934**

41. No allegation to admit or deny.

42. No allegation to admit or deny.

43. Denied.

44. No allegation to admit or deny.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

Denied that Plaintiff is entitled to any relief in the Wherefore clause.

**Count II – Violation of the Florida Securities and Investor Protection Act**

54. No allegation to admit or deny.

55. No allegation to admit or deny.

56. No allegation to admit or deny.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

Denied that Plaintiff is entitled to any relief in the Wherefore clause.

**Count III – Violation of the Florida Deceptive and Unfair Trade Practices Act**

66. No allegation to admit or deny.

67. No allegation to admit or deny.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

Denied that Plaintiff is entitled to any relief in the Wherefore clause.

**Count IV – Objection to Dischargeability of Debt pursuant to 11 U.S.C. §523(a)(19)**

78. No allegation to admit or deny.

79. No allegation to admit or deny.

80. Denied.

81. Denied.

82. Denied.

83. No allegation to admit or deny.

Denied that Plaintiff is entitled to any relief in the Wherefore clause.

**CLAIM FOR ATTORNEY'S FEES AND COSTS**

Defendant hereby claims an entitlement to attorney's fees and costs under any contract, statute, and any other basis relied upon by the Plaintiff in its Second Amended Complaint.

**DEFENDANT'S AFFIRMATIVE DEFENSE**

**FIRST AFFIRMATIVE DEFENSE**
**FAILURE TO STATE A CAUSE OF ACTION – ALL COUNTS**

Plaintiff's Count I is barred because first Plaintiff fails to meet the pleading requirements of Rule 9(b). In assessing whether an alleged omission withstands Federal Rule of Civil Procedure 9(b), the Plaintiff must allege (1) precisely what omissions were made, (2) the person responsible

for the omission, (3) the content of the statements and the manner in which they misled, and (4) "what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001); *Anwar v. Fairfiled Greenwich Ltd.*, 826 F. Supp. 2d 578, 586 (S.D.N.Y. 2011) (holding that when the Plaintiff pleads the Defendant received a fee for securing an investment, the Plaintiff has satisfied the omission pleading requirement of pleading the consequence of the fraud). Here, Plaintiff fails to plead any what the Defendant obtained as a consequence of the alleged fraud. Instead, Plaintiff alleges the Defendant "stood to make substantial commissions" however, Defendant never made a commission because the account lost over $175,000. Therefore, Plaintiff fails to state a cause of action for each Count of the Second Amended Complaint.

**SECOND AFFIRMATIVE DEFENSE**
**FAILURE TO STATE A CAUSE OF ACTION – COUNT I**

Plaintiff fails to state a cause of action for 10(b)(5). First, 10(b)(5) is inapplicable to the case at hand because the parties and actions reside wholly outside the United States of America. First, the Plaintiff has admitted it is a Panama company and although alleges it conducts business in Miami-Dade County, the Plaintiff is not registered with the State of Florida to transact business. Importantly, at no point does the Plaintiff allege that any of the alleged "omissions" occurred in the United States. Moreover, at all relevant times, Defendant was a resident of the country of Ecuador and did not reside in the United States of America. As such, 10(b)(5) cannot apply to an investment advisor who is advising a foreign corporation because a United States interest does not exists.

Second, Plaintiff attempts to read Section 10(b) in isolation without consulting caselaw, statutory supporting documentation or preliminary notices enacted. Plaintiff restates Section

10(b) of the Securities and Exchange Act of 1934, which "makes it unlawful 'to use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities Exchange] Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.'" **Plaintiff's 2nd Complaint ¶ 42;** 15 U.S.C. § 78j. However, Plaintiff's claim fails to take into account Rule 10b5-1 defining "manipulative and deceptive devices" as "the purchase or sale of a security of any issuer, on the basis of material nonpublic information about that security or issuer, in breach of a duty of trust or confidence that is owed directly, indirectly, or derivatively, to the *issuer* of that security or shareholders of that issuer, or to any other person who is the source of the material nonpublic information. 17 C.F.R. § 240.10b5-1. Furthermore, a purchase or sale of a security of an issuer is "on the basis of" material nonpublic information "if the person making the purchase or sale was aware of the material nonpublic information when the person made the purchase or sale. However, as Plaintiff alleges, all information regarding ETFs was public information, made available by the Financial Industry Regulatory Authority ("FIRNA"). In fact, omissions in 10(b) typically include misstatements or omissions in revenue forecasts or knowledge of the amount invested in a company. Moreover, fraudulent schemes under the purview of 10(b) are often schemes "to affect the price of stocks," In re Glob. Crossing, Ltd., Sec. Litig., 2005 U.S. Dist. LEXIS 16228, at *16 (S.D.N.Y. Aug. 5, 2005), "late trading" schemes, *In Re Mut. Funds Inv. Litig.*, 384 F. Supp. 2d 845 (D. Md. 2005), or misstatements or omissions that a price charged by a company did not reasonably reflect the prevailing market price, Hodge v. Hodge, 216 B.R. 932, 934 (Bankr. S.D. Ohio 1998). However, in the instant case, Plaintiff fails to allege any scheme where the Defendant misstated or omitted information regarding to the price of stocks, a time trading scheme, the failure to correct a corporate stock

report, ect. Plaintiff has attempted to fit its alleged facts into Rule 10(b) where a violation does not exist. In fact, the Defendant has no influence over the ETFs mentioned, nor was nonpublic information alleged to have been used to disadvantage the Plaintiff.

**THIRD AFFIRMATIVE DEFENSE**
**FAILURE TO STATE A CAUSE OF ACTION – COUNT II**

Plaintiff's Count II is barred because Plaintiff fails to state a cause of action pursuant to Florida Securities and Investor Protection Act ("FSIPA"). First, Plaintiff is not a registered Florida business entity and at all relevant times Defendant was a resident of Ecuador. Plaintiff fails to allege at any point that the allegations occurred in the State of Florida. As such, Florida law should not apply simply because Defendant has now filed for bankruptcy in Florida.

Second, Plaintiff fails to state a cause of action because the alleged fraudulent activities are not within the purview of FISPA. Fraudulent claims for FISPA involve undercapitalization of projections, Butts v. State, 418 So. 2d 468, 471 (Fla. 4th DCA 1982), misstatements as omissions on financial statements, J.P. Morgan Sec., LLC v. Geveran Invs. Ltd., 42 Fla. L. Weekly D1347 (Fla. 5th DCA June 9, 2017), and the artificial increasing of commissions. Importantly, in *Black*, the Defendant sold CMOs to the Plaintiff, which were deemed risky investments, at excessive/inflated prices. *Id*. However, the sole fact that CMOs were risky investments and the Plaintiff had a policy against investing in risky policies was not the issue for the court. Instead, the Court found the practice was violative of FISPA because the Defendant artificially increased his commissions through a process called "rolling" and "churning." *Id*. Therefore, the sole investment in "risky stocks" is not enough to violate FISPA. As such, Plaintiff has failed to state a cause of action for Count II.



**FOURTH AFFIRMATIVE DEFENSE**
**FAILURE TO STATE A CAUSE OF ACTION – COUNT III**

Plaintiff's Count II is barred because Plaintiff fails to state a cause of action pursuant to Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). First, Plaintiff is not a registered Florida business entity and at all relevant times Defendant was a resident of Ecuador. Plaintiff fails to allege at any point that the allegations occurred in the State of Florida. As such, Florida law should not apply simply because Defendant has now filed for bankruptcy in Florida.

Second, FDUPTA specifically provides that in construing its provisions, due considerations and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the FTC Act. Fla. Stat. § 501.204(2).

Importantly, the FTC Act "has been consistently interpreted to preclude coverage of securities claims in the overwhelming majority of state and federal courts addressing the issue." *Crowell v. Morgan Stanely Dean Witter Servs. Co.*, 87 F. Supp 2d 1287, 1294 (S.D. Fla. 2000). Moreover, numerous federal courts have declined to apply similar consumer protection statutes of other states to securities fraud claims. *Id*., *see e.g. See e.g., Nichols v. Merrill Lynch, Pierce, Fenner & Smith*, 706 F. Supp. 1309, 1337-38 (M.D. Tenn. 1989)("almost all state and federal courts construing similar statutes have held that consumer protection laws do not apply to security transactions"); *Mercer v. Jaffe, Snider, Raitt & Heuer, P.C.*, 713 F. Supp. 1019, 1030 (W.D. Mich. 1989), *aff'd* 933 F.2d 1008 (6th Cir. 1991)(noting that "overwhelming" majority of decisions decline to apply general state consumer protection statute to the securities field). Lastly, securities is already heavily regulated through various other Florida State Statutes. *See Cromwell*, 87 F. Supp. at 1295. As such various courts, including this Court, have concluded that FDUPTA does apply to claims arising from securities transactions. *Id.*; *see also Rogers v. Nacchio*, No. 05-

60667-CIV-COHN/S, 2006 U.S. Dist. LEXIS 101855, at *45 (S.D. Fla. June 5, 2006) ("FDUPTA does not apply to securities claims).

Here, Plaintiff readily admits that the instant action involves a security transaction. A claim for a security transaction cannot arise under FDUPTA. Therefore, Plaintiff has failed to state a cause of action pursuant to FDUPTA.

**FIFTH AFFIRMATIVE DEFENSE**
**FAILURE TO STATE A CAUSE OF ACTION – COUNT IV**

Plaintiff's Count IV is barred because the any alleged debt is dischargeable. Defendant incorporates its First, Second, Third, and Fourth Affirmative Defenses herein. Because Plaintiff fails to state a cause of action for each of its claims in the Second Amended Complaint and a violation of Federal or State Securities law does not exist, the debt is dischargeable.

**SIXTH AFFIRMATIVE DEFENSE**
**ASSUMPTION OF RISK**

By their very nature, investments have inherent risks of failure. In the present case Agustin Ubieto was in contact with Defendants and had the final say in whether to move forward with *ANY* investment. Mr. Ubieto was advised by Defendants of potential risks and he made the final decision to continue with the Exchange traded funds.

**SEVENTH AFFIRMATIVE DEFENSE**
**FAILURE TO JOIN AN INDISPENSABLE PARTY**

Plaintiff's Second Amended Complaint is barred because the Plaintiff fails to join an indispensable party, Mr. Agustin Ubieto ("Ubieto"). Federal Rule of Civil Procedure Rule 19 requires joinder if "in that person's absence, the court cannot accord complete relief among the existing parties." Importantly, "in determining whether a party is indispensable, a district court

may base its findings 'on stated pragmatic considerations, especially the effect on parties and on litigation.'" *Lyons v. O'Quinn*, 607 F. App'x 931, 934 (11th Cir. 2015).

In the present case, the Plaintiff's entire claims are centered on either communications or lack of communication between the Defendant and Ubieto, yet Ubieto is not joined a member to this action. In fact, Plaintiff is unable to join Ubieto as a party because he has since passed away, yet Plaintiff failed to join the estate of Ubieto, which is alleged to be the real alleged "victim" of any fraudulent scheme. Importantly, Plaintiff will be unable to present its case absent hearsay and third-party testimony. Defendant will suffer substantial prejudice if this action is to proceed.

**EIGHTH AFFIRMATIVE DEFENSE**
**DEBT IS DISCHARGEABLE**

Plaintiff's Count IV is barred because the any alleged debt is dischargeable. Plaintiff's claims for fraud and violation of various federal and state law fail to state a cause of action. As such, Defendant's debt is dischargeable.

**NINETH AFFIRMATIVE DEFENSE**
**FORUM NON CONVENIENS**

Defendant asserts that the action should be dismissed pursuant to the doctrine of *forum non conveniens*. Although Defendant maintains that FDUPTA and FISPA do not apply, Florida state circuit courts would be a better forum for the instant action. The contract requires the forum

---

**TENTH AFFIRMATIVE DEFENSE**
**STANDING**

Upon information and belief this action is being brough by Juan Carlos Ubieto. However, Juan Carlos Ubieto does not have authority to bring the instant action, nor does the Estate of his father, Mr. Ubieto. Denmark Properties Limited is a incorporated pursuant to the laws of the

Country of Nevis. The original incorporator of Denmark Properties Limited is Wendy Webbe. Mr. Ubieto was simply elected as a director and secretary "until his successor has been elected, appointed, and qualified." Moreover, Denmark Properties Limited issued shares in the name of Fundacion Los Volcanes. As such, Mr. Ubieto was simply a director of the company. Moreover, Plaintiff has failed to prove how ownership transferred in the midst of Mr. Ubieto's passing.

Moreover, the issue of standing becomes muddled even further upon examination of Plaintiff's allegations in the Second Amended Complaint. First Plaintiff's allege that Plaintiff itself entered into an agreement with GTA Advisors LLC – not Carlos Weissenberg individually. Then, Plaintiff alleges that although Denmark entered into the alleged contract, the funds that were to be managed by GTA Advisors "were meant to provide Mr. Ubieto with support for his retirement." If this is true, Denmark did not have an interest in an arrangement between GTA Advisors and Mr. Ubieto and any contract should have been between Mr. Ubieto and GTA.

As alleged, Plaintiff attempts to allege a hodge-podge the background facts which do not reflect a valid contract in existence between Plaintiff and Defendant, individually. Instead, Plaintiff attempts to allege Plaintiff and Defendant entered into a contract where Defendant would manage the retirement fund of one of Plaintiff's directors. In any sense, there is an issue with privity and the proper parties who are required for this action. Importantly, Mr. Ubieto, who is allegedly the party whom the funds were managed and meant to provide for, is not a member of the party – albeit deceased, his estate is not a member to the action as well.

**ELEVENTH AFFIRMATIVE DEFENSE**
**STATUTE OF LIMITATIONS – COUNT I (10b-5)**

Defendant asserts the affirmative defense of expiration of the statute of limitation. Pursuant to 28 U.S.C.S. § 1658(b), "a private right of action that involves a claim of fraud, deceit,

manipulation . . . may be brought not later than the earlier of (1) 2 years after the discovery of the facts constituting the violation; or (2) 5 years after such violation." Claims under FDUPTA are subject to a four-year statute of limitations pursuant to Florida Law. Fla. Stat. § 95.11(3)(f). The statute of limitations for securities crimes in Florida is two years within the period running from the time facts giving rise to the cause of action were discovered or should have been discovered, but not more than five years. Fla. Stat. § 95.11(4)(e).

**TWELFTH AFFIRMATIVE DEFENSE**
**UNCLEAN HANDS – PLAINTIFF IS NOT REGISTERED TO DO BUSINESS IN FLORIDA**

Plaintiff's claims are barred pursuant to the doctrine of unclean hands. Plaintiff brings this action as an alleged Panama corporation, yet is incorporated in Nevis. Moreover, Plaintiff also alleges it conducts business in Miami-Dade County, however, is not registered to do business in the State of Florida or listed on Sunbiz. Plaintiff continuously misrepresents its business structure and incorporation, masking its identity and now comes before this Court for relief. As such, Plaintiff has unclean hands and should be barred from relief.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**UNCLEAN HANDS - PARTIES**

The individual bringing-suit on behalf of the Plaintiff is Juan Carlos Ubieto, Augustin Ubieto's son. Juan Carlos Ubieto is indebted to Denmark Properties for amounts in excess of $500,000.00. These were funds that Juan Carlos Ubieto borrowed from Denmark and never repaid. Juan Carlos Ubieto now attempts to bring forth this suit in order to satisfy his debt to Denmark, however Juan Carlos Ubieto does not have the authority to bring this action. Juan Carlos Ubieto is misrepresenting himself as the manager/director/sole owner of Denmark, which he is not.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**WAIVER**

Augustine Ubieto waived any claims against Defendant as they had a fiduciary duty to respect the wishes of their client. If financial planners could be sued every time an investment went south, it would defeat the very essence of investing and turn the system on its head.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**MISTATING FACTS**

The specific quote used by Plaintiff from the Financial Industry Regulatory Authority does not cite any law or regulation against leveraged ETFs, rather they are a warning for them. According to the Financial Industry Regulatory Authority:

> *This Notice reminds firms of their sales practice obligations in connection with leveraged and inverse ETFs. In particular recommendations to customers must be suitable and based on a full understanding of the terms and features of the product recommended; sales materials related to leveraged and inverse ETFs must be fair and accurate; and firms must have adequate supervisory procedures in place to ensure that these obligations are met.*

As you can see in this regulatory notice, all that is stated is that GTA Advisors had to advise Denmark Properties of the risk associated with leveraged ETFs, which GTA Advisors had done on multiple occasions. The SEC and the Financial Industry Regulatory Authority ***simply state that it is recommended that leveraged ETFs should be held daily, not stating that leveraged ETFs should only be held daily***. Further, the ETFs in question yielded a return for Denmark and those returns led Ubieto to continue to participate.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**UNJUST ENRICHMENT**

These claims are being brought by Juan Carlos Ubieto to unjustly recover monies from Defendant that are not deserved. Juan Carlos is bringing these false claims as a method to recover

monies unjustly to make up for his own failed ventures. Thus, it would be unjust to reward Juan Carlos Ubieto for actions that were taken at the Direction of his father Augustine Ubieto.

**SEVENTHEETH AFFIRMATIVE DEFENSE**
**LACHES**

Plaintiff's claims are barred pursuant to the doctrine of laches. Mr. Ubieto died on October 10, 2018, however Denmark Properties Limited did not bring an action until this adversary action instituted on July 9, 2020, nearly two years later and only after Defendant filed for bankruptcy. Moreover, Plaintiff continued to allow Mr. Ubieto's investment to stay in the market and did not sell the ETFs until February 11, 2019, fourth months after Mr. Ubieto's death, despite Plaintiff's repeated allegations that "ETFs are held at most for no longer than two or three weeks."

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**MISTATING FACTS**

Plaintiff alleges it is a "Panama corporation conducting business in Miami-Dade County, Florida." **Second Amended Complaint ¶ 2.** However, Plaintiff is actually incorporated under the laws of the country of Nevis, not Panama. Moreover, Plaintiff is not registered to conduct business in Miami-Dade County.

DATED: March 2nd, 2021

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am qualified to practice in this Court as set forth in Local Rule 2091-1(A), and a true and correct copy of the foregoing was served via the Court's CM/ECF system upon all parties registered to receive electronic notice in this case as reflected on the attached Electronic Mail Notice List on this March 2nd, 2021.

*/s/ Giacomo Bossa*
GIACOMO BOSSA, Esq.
Florida Bar No.: 97817

**BARAKAT + BOSSA**
2701 Ponce de Leon Blvd., Suite 202
Coral Gables, Florida 33134
Tel: (305) 444-3114
Fax: (305) 444-3115
Email: gbossa@b2b.legal
service@b2b.legal

